| PROB 22<br>(Rev. 2/88) | **TRANSFER OF JURISDICTION** | DOCKET NUMBER *(Tran. Court)*<br>CR03-0011C |
|---|---|---|
| | | DOCKET NUMBER *(Rec. Court)*<br>4:06CR153 |

| NAME AND ADDRESS OF PROBATIONER/SUPERVISED RELEASEE:<br><br>Tobechi Enyinnaya Onwuhara<br>1100 Meredith Ln.<br>Plano, TX 75093 | DISTRICT<br><br>Western District of Washington | DIVISION<br><br>Seattle |
|---|---|---|
| | NAME OF SENTENCING JUDGE<br><br>Chief United States District Judge John C. Coughenour | |
| | DATES OF PROBATION/SUPERVISED RELEASE: | FROM<br>October 27, 2003 | TO<br>October 26, 2006 |

**OFFENSE**

18 U.S.C. § 1029(a)(5) and (b)(1) Illegal Transactions and Attempted Transactions With Credit Card Access Devices

---

**PART 1 - ORDER TRANSFERRING JURISDICTION**

United States District Court for the Western District of Washington

    IT IS HEREBY ORDERED that pursuant to 18 U.S.C. 3605 the jurisdiction of the probationer or supervised releasee named above be transferred with the records of the Court to the United States District Court for the Eastern District of Texas upon that Court's order of acceptance of jurisdiction. This Court hereby expressly consents that the period of probation or supervised release may be changed by the District Court to which this transfer is made without further inquiry of this Court.*

| 4/28/06 | |
|---|---|
| *Date* | *United States District Judge* |

*This sentence may be deleted in the discretion of the transferring Court.

**PART 2 - ORDER ACCEPTING JURISDICTION**

United States District Court for the Eastern District of Texas

    IT IS HEREBY ORDERED that jurisdiction over the above-named probationer/supervised releasee be accepted and assumed by this Court from and after the entry of this order.

| 5-17-06 | |
|---|---|
| *Effective Date* | *United States District Judge* |

FILED _____ ENTERED
_____ LODGED _____ RECEIVED

MAY 2 4 2006

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                              DEPUTY

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

JUN   5 2006

DAVID J. MALAND, CLERK
BY
DEPUTY _____

# U.S. District Court
## WESTERN DISTRICT OF WASHINGTON (Seattle)
## CRIMINAL DOCKET FOR CASE #: 2:03-cr-00011-JCC-2

Case title: USA v. Nnabue                          Date Filed: 01/09/2003
Magistrate judge case number: 2:02-mj-00648

---

Assigned to: John C Coughenour

### Defendant

**Tobechi Enyinnaya Onwuharar** (2)          represented by   **Michael Craig Nance**
*TERMINATED: 05/23/2003*                                      615 2ND AVE
*also known as*                                               STE 760
Xavier Charles Alexander                                      PENTHOUSE SUITE
*also known as*                                               SEATTLE, WA 98104
Tobechi Enyinnaya Onwuhara                                    206-624-3211
                                                              Fax: FAX 587-0226
                                                              Email: minance@aol.com
                                                              *TERMINATED: 05/23/2003*
                                                              *LEAD ATTORNEY*
                                                              *Designation: CJA Appointment*

### Pending Counts

18:1029(a)(5) and 1029(b)(1) Illegal
Transactions and attempted transactions
with credit card ccess devices
(1s)

### Disposition

12 months and 1 day imprisonment; 3
years supervised release; fine waived;
$100 penalty; $58,531.15 restitution;
Texas facility recommended; deft
remains in custody

### Highest Offense Level (Opening)

Felony

### Terminated Counts                          ### Disposition

18:1344 & 2 ATTEMPTED BANK
FRAUD
(1)

18:371 CONSPIRACY TO USE
UNAUTHORIZED CREDIT CARD
ACCESS DEVICES
(2)

18:1029(a)(2) & (b)(1) & 2
ATTEMPTED USE OF
UNAUTHORIZED CREDIT CARD
ACCESS DEVICE

CERTIFIED TRUE COPY
ATTEST: BRUCE RIFKIN
Clerk, U.S. District Court
Western District of Washington
By_____
                    Deputy Clerk

(3)
18:1028(a)(3) POSSESSION WITH
INTENT TO USE UNLAWFULLY
FIVE OR MORE IDENTIFICATION
DOCUMENTS
(4)

**Highest Offense Level (Terminated)**

Felony

**Complaints**                                    **Disposition**

None

---

**Plaintiff**

**United States of America**          represented by **Lawrence R Lincoln**
                                      US ATTORNEY'S OFFICE (SEA)
                                      700 STEWART ST
                                      STE 5220
                                      SEATTLE, WA 98101-1271
                                      206-553-7970
                                      Email: Lawrence.Lincoln@usdoj.gov
                                      *LEAD ATTORNEY*
                                      *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 12/13/2002 | 1 | COMPLAINT Magistrate Judge John L. Weinberg [ 2:02-m -648 ] (HAZ) (Entered: 12/16/2002) |
| 12/14/2002 |  | DEFENDANT Abel Nnabue, Xavier Charles Alexander arrested [ 2:02-m -648 ] (HAZ) (Entered: 12/16/2002) |
| 12/16/2002 | 2 | Arrest Warrant returned executed as to Xavier Charles Alexander 12/14/02 [ 2:02-m -648 ] (HAZ) (Entered: 12/19/2002) |
| 12/16/2002 | 5 | FINANCIAL AFFIDAVIT as to Xavier Charles Alexander [ 2:02-m -648 ] (HAZ) (Entered: 12/19/2002) |
| 12/16/2002 | 6 | MOTION to detain by USA as to Xavier Charles Alexander [ 2:02-m -648 ] (HAZ) (Entered: 12/19/2002) |
| 12/16/2002 | 8 | MINUTES of INITIAL : JLW, Dep Clerk HAZ, AUSA L LINCOLN, Def Counsel M NANCE(XA), O JUPITER(AN), Tape # A-1298, USPTO S MOORE/L KAMAN, Intpr NOT NEEDED first appearance of Abel Nnabue, Xavier Charles Alexander , Attorney present; Defts advised of rights/charges, Govt moves for detention; preliminary exam set for 11:30 12/17/02 for Abel Nnabue, for Xavier Charles Alexander ; |

| | | detention hearing set for 11:30 12/17/02 for Abel Nnabue, for Xavier Charles Alexander, Defts remanded [ 2:02-m -648 ] (HAZ) (Entered: 12/19/2002) |
|---|---|---|
| 12/17/2002 | 10 | DECLARATION of Lawrence Lincoln by plaintiff USA re motion to detain by USA as to Abel Nnabue [7-1], re motion to detain by USA as to Xavier Charles Alexander [6-1] [ 2:02-m -648 ] (HAZ) (Entered: 12/19/2002) |
| 12/17/2002 | 11 | MINUTES of PRELIMINARY/DETENTION HEARING : JLW, Dep Clerk J NOTHERN, AUSA L LINCOLN, Def Counsel O JUPITER (AN), M NANCE(XA), Tape # A-1298, USPT S CAVENDISH, Intpr NOT NEEDED, Agent Monroe sworn and testifies, CT finds probable cause, Counsel aruge detention, CT rules GRANTING motion to detain by USA as to Abel Nnabue [7-1], GRANTING motion to detain by USA as to Xavier Charles Alexander [6-1], Defts remanded [ 2:02-m -648 ] (HAZ) (Entered: 12/19/2002) |
| 12/18/2002 | 9 | CJA Form 20 (Appointment of Counsel)for Xavier Charles Alexander ; appointing Michael Nance; [ 2:02-m -648 ] (HAZ) (Entered: 12/19/2002) |
| 12/18/2002 | 12 | DETENTION ORDER of Xavier Charles Alexander pending Trial by Magistrate Judge John L. Weinberg (cc: counsel, Mag. Judge, PTS, Jgm. Bk., USMO) [ 2:02-m -648 ] (HAZ) (Entered: 12/19/2002) |
| 01/09/2003 | 14 | INDICTMENT by USA Lawrence R Lincoln. Counts filed against Abel Nnabue (1) count(s) 1, 2, 3, Xavier Charles Alexander (2) count(s) 1, 2, 3, 4 (JK) (Entered: 01/10/2003) |
| 01/09/2003 | 16 | ORDER CONTINUING DETENTION by Magistrate Judge Monica J. Benton as to Tobechi Enyinnaya Onwuharar (JK) (Entered: 01/10/2003) |
| 01/23/2003 | 18 | MINUTES of Arraignment as to T. Onwuhara : MJB, Dep Clerk PV, AUSA L. Lincoln, Def Counsel M. Nance, Tape # A-1314, USPT/USPO N/A, Intpr N/A dft Tobechi Enyinnaya Onwuharar arraigned; PLEADS NOT GUILTY TO CHARGES of the Indictment. Attorney present; pretrial motions due by 2/13/03 for Tobechi Enyinnaya Onwuharar; jury trial scheduled for 9:00 3/3/03 for Tobechi Enyinnaya Onwuharar deft remanded (LS) (Entered: 01/27/2003) |
| 01/31/2003 | | LODGED ORDER: re: REPORT AND RECOMMENDATION regarding plea of guilty as to defendant Abel Nnabue NOTED FOR 2/17/03 [23-1] (LS) (Entered: 02/03/2003) |
| 02/10/2003 | 24 | TRANSCRIPT of proceedings for the following date(s): 1/31/03 (Re: Plea Hearing) CR initials: S. Palmerton (SA) (Entered: 02/10/2003) |
| 02/14/2003 | | LODGED STIPULATION AND ORDER CONTINUNING MOTIONS CUTOFF DATE (LS) (Entered: 02/18/2003) |
| 02/18/2003 | 25 | MINUTE ORDER by Chief Judge John C. Coughenour pretrial motions continued to 2/20/03 for Tobechi Enyinnaya Onwuharar; response due 2/24/03; reply due 2/25/03 (cc: counsel, Judge) (VK) (Entered: 02/18/2003) |

| 02/24/2003 | 27 | SUPERSEDING Information naming Tobechi Enyinnaya Onwuharar Tobechi Enyinnaya Onwuharar (2) count(s) 1s (MD) (Entered: 02/25/2003) |
|---|---|---|
| 02/24/2003 | 28 | WAIVER OF INDICTMENT by defendant Tobechi Enyinnaya Onwuharar (VK) (Entered: 02/25/2003) |
| 02/24/2003 | 29 | CONSENT TO RULE 11 PLEA in a felony case by Tobechi Enyinnaya Onwuharar (VK) (Entered: 02/25/2003) |
| 02/24/2003 | 30 | PLEA AGREEMENT as to Tobechi Enyinnaya Onwuharar (FILED UNDER SEAL) (VK) (Entered: 02/25/2003) |
| 02/24/2003 | 31 | MINUTES of guilty plea on consent as to Tobechi Enyinnaya Onwuhara: RSM, Dep Clerk LW, AUSA L. Lincoln, Def Counsel M. Nance, CR Sue Palmerton, USPT/USPO n/a; Intpr n/a; Tobechi Enyinnaya Onwuharar enters guilty plea to superseding information; sentencing hearing set for 9:00 5/23/03 for Tobechi Enyinnaya Onwuharar; deft remanded (VK) (Entered: 02/25/2003) |
| 02/24/2003 | 32 | REPORT AND RECOMMENDATION regarding plea of guilty as to defendant Tobechi Enyinnaya Onwuharar NOTED FOR 3/14/03 by Magistrate Judge Ricardo S. Martinez (cc: counsel, Judge, USPO) (VK) (Entered: 02/25/2003) |
| 02/24/2003 |  | LODGED ORDER: re: REPORT AND RECOMMENDATION regarding plea of guilty as to defendant Tobechi Enyinnaya Onwuharar NOTED FOR 3/14/03 [32-1] (VK) (Entered: 02/25/2003) |
| 02/26/2003 | 33 | RECEIPT # 731777; US Passport #75571941 of Abel N. Nnabue (LS) (Entered: 02/27/2003) |
| 03/05/2003 | 34 | TRANSCRIPT of proceedings for the following date(s): 2/24/03 (Re: Plea hearing deft. Tobechi Onwuhara) CR initials: S. Palmerton (SA) (Entered: 03/06/2003) |
| 03/12/2003 | 35 | ORDER OF ACCEPTANCE OF PLEA OF GUILTY, ADJUDICATION OF GUILT, AND NOTICE OF SENTENCING as to Tobechi Enyinnaya Onwuharar by Chief Judge John C. Coughenour re: as to charge contained in Superseding Information (cc: counsel, Judge, USPO, PTS) (LS) (Entered: 03/13/2003) |
| 04/08/2003 | 37 | MINUTES: sentencing hearing continued to 9:00 5/30/03 for Abel Nnabue (cc: Judge, all counsel) (LS) (Entered: 04/10/2003) |
| 05/21/2003 | 38 | SENTENCING MEMORANDUM re Tobechi Enyinnaya Onwuharar by defendant Tobechi Enyinnaya Onwuharar (LS) (Entered: 05/21/2003) |
| 05/22/2003 | 39 | SENTENCING MEMORANDUM re Tobechi Enyinnaya Onwuharar by plaintiff USA (MD) (Entered: 05/22/2003) |
| 05/23/2003 | 40 | MINUTES of sentencing as to Tobechi Enyinnaya Onwuhara: JCC, Dep Clerk GG, AUSA L. Lincoln, Def Counsel M. Nance, CR Donna Hunter (Vernon), USPT/USPO T. White, Intpr n/a; sentencing Tobechi |

| | | |
|---|---|---|
| | | Enyinnaya Onwuharar (2) on count 1s of superseding information to 12 months and 1 day imprisonment; 3 years supervised release; fine waived; $100 penalty; $58,531.15 restitution; Texas facility recommended; deft remains in custody; remaining counts as to Tobechi Enyinnaya Onwuharar dismissed (VK) (Entered: 05/27/2003) |
| 05/23/2003 | 41 | JUDGMENT IN A CRIMINAL CASE by Chief Judge John C. Coughenour as to Tobechi Enyinnaya Onwuharar (cc: counsel, Judge, USMO, USPO, PTS, Fin'l) Entered on: 5/27/03 (VK) (Entered: 05/27/2003) |
| 06/23/2003 | ●46 | CJA 20 as to Tobechi Enyinnaya Onwuharar aka Xavier Charles Alexander: Authorization to Pay MICHAEL NANCE. Amount: $ $3,541.70, Voucher # 030619000082 signed by Judge John C Coughenour.(LS, ) (Entered: 07/07/2003) |
| 09/08/2005 | ●51 | Satisfaction of Monetary Imposition as to defendant Tobechi Enyinnaya Onwuharar. (cc: Financial) (Bartlett, Anastasia) (Entered: 09/08/2005) |
| 04/28/2006 | ●55 | PROBATION PETITION/ORDER by Judge John C. Coughenour. As to dft Tobechi Enyinnaya Onwuhara, to modifiy conditions of supervision and the transfer ofJurisdiction to the ED of Texas. (CL, ) (Entered: 04/28/2006) |
| 05/24/2006 | ●56 | ORDER GRANTING TRANSFER OF PROBATION JURISDICTION to the Eastern District of Texas as to defendant Tobechi Enyinnaya Onwuharar by Judge John C Coughenour. (cc: USPO, Fin.) (LT, ) (Entered: 05/25/2006) |
| 05/26/2006 | ●57 | Letter from clerk to USDC - Eastern District of Texas regarding Order Transferring Probation Jurisdiction as to defendant Tobechi Enyinnaya Onwuharar. (LT, ) (Entered: 05/26/2006) |

```
****************************************************************************************************

RUN ON 05/26/06                                   FEDERAL COURT SYSTEMS
                                               WEST. DIST. OF WASHINGTON                        PAGE: 1
                                                  CASE INQUIRY REPORT

****************************************************************************************************

CASE NO: 2:03-CR-0011-2      TITLE: USA VS TOBECHI ENYINNAYA ONWUHARA
-- -|--------------------------------------------------------------------------------------------
```

| | DEFENDANT # | ORDERED AMOUNT | AMOUNT PAID | BALANCE DUE | ACCOUNT | PAYMENT TYPE |
|---|---|---|---|---|---|---|
| 2 | ONWUHARA, TOBECHI ENYINNAYA | 100.00 | 100.00 | 0.00 | 504100 | SPECIAL ASSESSMENT |
| 2 | ONWUHARA, TOBECHI ENYINNAYA | 58,531.15 | 58,531.15 | 0.00 | 6855XX | RESTITUTION |
| | | --------------- | --------------- | --------------- | | |
| | | 58,631.15 | 58,631.15 | 0.00 | | |

| | PAYEE | OWED | PAID | BALANCE OWED |
|---|---|---|---|---|
| 1 | DISCOVER FINANCIAL SERVICES | 58,531.15 | 58,531.15 | 0.00 |
| | | --------------- | --------------- | --------------- |
| | | 58,531.15 | 58,531.15 | 0.00 |

| TRANSACTION | RECEIPT/ VOUCHER NUMBER | RECEIPT/ VOUCHER DATE | INCREASE/ (DECREASE) CASE BAL | TYPE OF TRANS- ACTION | ACCOUNT NUMBER | DEFENDANT PAYEE/BANK NUMBER | U.S. TREASURY | COMMERCIAL BANKS | OTHER |
|---|---|---|---|---|---|---|---|---|---|
| RECEIVED | 21040818501 | 12/09/03 | 100.00 | MO | 504100 | 2 | | | 100.00 |
| RECEIVED | 21040818502 | 12/09/03 | 25.00 | MO | 6855XX | 2 | 25.00 | | |
| RECEIVED | 21040834601 | 01/13/04 | 50.00 | MO | 6855XX | 2 | 50.00 | | |
| DISBURSED | 108842- 1 | 01/15/04 | -25.00 | CV | 6855XX | 1 | -25.00 | | |
| DISBURSED | 109098- 1 | 02/11/04 | -50.00 | CV | 6855XX | 1 | -50.00 | | |
| RECEIVED | 22060440902 | 02/17/04 | 150.00 | MO | 6855XX | 2 | 150.00 | | |
| DISBURSED | 109325- 1 | 03/03/04 | -150.00 | CV | 6855XX | 1 | -150.00 | | |
| RECEIVED | 20031520701 | 03/16/04 | 800.00 | CK | 6855XX | 2 | 800.00 | | |
| DISBURSED | 109578- 1 | 04/01/04 | -800.00 | CV | 6855XX | 1 | -800.00 | | |
| RECEIVED | 20031565801 | 04/15/04 | 700.00 | CK | 6855XX | 2 | 700.00 | | |
| DISBURSED | 109946- 1 | 04/26/04 | -700.00 | CV | 6855XX | 1 | -700.00 | | |
| RECEIVED | 24090260101 | 05/18/04 | 700.00 | CK | 6855XX | 2 | 700.00 | | |
| DISBURSED | 110296- 1 | 06/03/04 | -700.00 | CV | 6855XX | 1 | -700.00 | | |
| RECEIVED | 20031660101 | 06/16/04 | 700.00 | CK | 6855XX | 2 | 700.00 | | |
| DISBURSED | 110499- 1 | 06/28/04 | -700.00 | CV | 6855XX | 1 | -700.00 | | |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| RECEIVED | 21040928101 | 07/16/04 | 800.00 | MO | 6855XX | 2 | 800.00 | |
| DISBURSED 110796- 1 | | 08/05/04 | -800.00 | CV | 6855XX | 1 | -800.00 | |
| RECEIVED | 20031776201 | 09/08/04 | 150.00 | MO | 6855XX | 2 | 150.00 | |
| DISBURSED 111400- 1 | | 10/18/04 | -150.00 | CV | 6855XX | 1 | -150.00 | |
| RECEIVED | 20031845401 | 10/25/04 | 1,000.00 | MO | 6855XX | 2 | 1,000.00 | |
| RECEIVED | 20031871001 | 11/15/04 | 16,000.00 | CK | 6855XX | 2 | 16,000.00 | |
| DISBURSED 111608- 1 | | 11/16/04 | -1,000.00 | CV | 6855XX | 1 | -1,000.00 | |
| DISBURSED 111710- 1 | | 12/01/04 | -16,000.00 | CV | 6855XX | 1 | -16,000.00 | |
| RECEIVED | 20031915501 | 12/15/04 | 1,000.00 | CK | 6855XX | 2 | 1,000.00 | |
| DISBURSED 111994- 1 | | 12/28/04 | -1,000.00 | CV | 6855XX | 1 | -1,000.00 | |
| RECEIVED | 21041041001 | 01/21/05 | 600.00 | MO | 6855XX | 2 | 600.00 | |
| DISBURSED 112330- 1 | | 02/14/05 | -600.00 | CV | 6855XX | 1 | -600.00 | |
| RECEIVED | 21041083101 | 03/03/05 | 9,000.00 | CK | 6855XX | 2 | 9,000.00 | |
| DISBURSED 112767- 1 | | 03/23/05 | -9,000.00 | CV | 6855XX | 1 | -9,000.00 | |
| RECEIVED | 23585229701 | 05/10/05 | 600.00 | CK | 6855XX | 2 | 600.00 | |
| RECEIVED | 23585229601 | 05/10/05 | 2,000.00 | CK | 6855XX | 2 | 2,000.00 | |
| DISBURSED 113211- 1 | | 05/25/05 | -2,600.00 | CV | 6855XX | 1 | -2,600.00 | |
| RECEIVED | 21041179701 | 06/17/05 | 2,000.00 | CK | 6855XX | 2 | 2,000.00 | |
| DISBURSED 113441- 1 | | 07/07/05 | -2,000.00 | CV | 6855XX | 1 | -2,000.00 | |
| RECEIVED | 20031996701 | 07/22/05 | 8,000.00 | CK | 6855XX | 2 | 8,000.00 | |
| RECEIVED | 23585284401 | 07/26/05 | 10,000.00 | CK | 6855XX | 2 | 10,000.00 | |
| RECEIVED | 21041225501 | 08/03/05 | 4,256.15 | CK | 6855XX | 2 | 4,256.15 | |
| DISBURSED 113805- 1 | | 08/19/05 | -22,256.15 | CV | 6855XX | 1 | -22,256.15 | |


********** CASE SUMMARY **********

TOTAL CASE BALANCE:                              100.00

BALANCE IN U.S. TREASURY:                                                          0.00
CASE DEPOSITORY MAINT. BALANCE :                                                   0.00

BALANCE IN COMMERCIAL BANKS:                                                                      0.00
CASE DEPOSITORY MAINT. BALANCE   :                                                                0.00

DEPOSITS TO RECEIPT ACCOUNTS:                                                                                     100.00

TYPE OF TRANSACTION:

| | | | |
|---|---|---|---|
| AD: ADJUSTMENT-388800 | AJ: ADJUSTMENT | BV: BANK VOUCHER | |
| BD: DIRECT BANK DEPOSIT | BT: BANK TRANSFER | CC: CREDIT CARD | CH: CASH |
| CK: CHECK | CL: COLLATERAL | CN: CONVERSION | CR: CASE REFUND |
| CV: CASE VOUCHER | DW: DIRECT WITHDRAWL | DV: DEBIT VOUCHER | FF: FORFEITURE |
| I : INTEREST | MO: MONEY ORDER | TR: TRANSFER | VD: VOID |

Presented to the Court by the foreman of the Grand Jury in open Court, in the presence of the Grand Jury and FILED in The U.S. DISTRICT COURT at Seattle, Washington.

JANUARY 9 ................ 2003

BRUCE RIFKIN,  Clerk

By _____ Deputy

CERTIFIED TRUE COPY
ATTEST: BRUCE RIFKIN
Clerk, U.S. District Court
Western District of Washington

By _____
                        Deputy Clerk

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
### AT SEATTLE

UNITED STATES OF AMERICA,

  Plaintiff,

  v.

ABEL NGOZICHUKWU NNABUE, AND
TOBECHI ENYINNAYA ONWUHARA,

  Defendants.

)
)
)
)
)
)
)
)
)
)
)

NO. **CR03 0011C**

INDICTMENT

THE GRAND JURY CHARGES THAT:

## COUNT ONE
(Attempted Bank Fraud)

1.     Beginning on a date unknown, but in or about December 2002, and continuing until on or about December 12, 2002, within the Western District of Washington, defendants ABEL NGOZICHUKWU NNABUE, and TOBECHI ENYINNAYA ONWUHARA attempted to execute a scheme and artifice to defraud the Washington Mutual Bank, a financial institution as defined in Title 18, United States Code, Section 20, and to obtain money, funds, and credits under the custody and control of that Bank by means of false and fraudulent pretenses and representations.

### Methods and Means of the Scheme

2.     It was part of the scheme to defraud that defendants ABEL NGOZICHUKWU NNABUE and TOBECHI ENYINNAYA ONWUHARA obtained unauthorized credit cards in names other than their own true names.

INDICTMENT/NNABUE AND ONWUHARA - 1

1       3.     It was further part of the scheme to defraud that defendants ABEL

2   NGOZICHUKWU NNABUE and TOBECHI ENYINNAYA ONWUHARA obtained

3   counterfeit driver's licenses and other identification documents in names other than their

4   own true names. The names on the counterfeit driver's licenses matched the names on

5   some of the credit cards described above.

6       4.     It was further part of the scheme to defraud that defendants ABEL

7   NGOZICHUKWU NNABUE and TOBECHI ENYINNAYA ONWUHARA drove to the

8   Lynnwood Fred Meyer branch of the Washington Mutual Bank in Lynnwood,

9   Washington, for the purpose of obtaining, without authorization, a cash advance using

10  credit cards described above.

11      5.     It was further part of the scheme to defraud that defendant TOBECHI

12  ENYINNAYA ONWUHARA presented two of the unauthorized credit cards and a

13  counterfeit driver's license as identification to employees of the aforementioned Bank,

14  and requested a cash advance using one of the credit cards. Defendant ABEL

15  NGOZICHUKWU NNABUE remained outside of the Bank to serve as the getaway

16  driver.

17      6.     It was further part of the scheme to defraud that, after Bank employees

18  refused to provide the cash advance described above, defendants ABEL NGOZICHUKWU

19  NNABUE and TOBECHI ENYINNAYA ONWUHARA fled the Bank in the car driven by

20  defendant ABEL NGOZICHUKWU NNABUE with law enforcement officers in pursuit,

21  and thereafter attempted to elude law enforcement officers.

22                          Execution of the Scheme

23      7.     On or about December 12, 2002, within the Western District of

24  Washington, for the purpose of executing and attempting to execute the aforementioned

25  scheme and artifice to defraud the Washington Mutual Bank, and to obtain money, funds,

26  and credits under the custody and control of the Bank by means of false and fraudulent

27  pretenses and representations, defendants ABEL NGOZICHUKWU NNABUE and

28  TOBECHI ENYINNAYA ONWUHARA presented, and aided and abetted the

INDICTMENT/NNABUE AND ONWUHARA - 2

UNITED STATES ATTORNEY
601 UNION STREET, SUITE 5100
SEATTLE, WASHINGTON 98101-3903
(206) 553-7970

1 │ presentation of, unauthorized credit cards and a counterfeit Texas driver's license bearing

2 │ the name of Robert Palmer to the Washington Mutual Bank, and thereby attempted to

3 │ obtain, without authorization from the true credit card holder, a cash advance in the

4 │ amount of $5,000.00.

5 │     All in violation of Title 18, United States Code, Section 1344 and Section 2.

6 │

7 │ **COUNT TWO**
(Conspiracy to Use Unauthorized Credit Card Access Devices)

8 │     1.    Beginning on or about a date unknown, but not later than December 12,

9 │ 2002, within the Western District of Washington, defendants ABEL NGOZICHUKWU

10 │ NNABUE and TOBECHI ENYINNAYA ONWUHARA, and others unknown to the

11 │ Grand Jury, did knowingly and willfully combine, conspire, and agree to commit an

12 │ offense against the United States, that is, to knowingly, and with intent to defraud, use

13 │ one or more unauthorized credit card access devices, in and affecting interstate

14 │ commerce, and by such conduct to obtain money, goods, and services of a value in excess

15 │ of $1,000 during a one-year period, in violation of Title 18, United States Code, Section

16 │ 1029(a)(2) and Section 2.

17 │ Overt Acts

18 │     In furtherance of the conspiracy, and to accomplish the object of the conspiracy,

19 │ defendants ABEL NGOZICHUKWU NNABUE and TOBECHI ENYINNAYA

20 │ ONWUHARA committed or caused to be committed one or more of the following overt

21 │ acts:

22 │     2.    On or about a date unknown, but not later than on or about December 12,

23 │ 2002, defendants ABEL NGOZICHUKWU NNABUE and TOBECHI ENYINNAYA

24 │ ONWUHARA received and obtained lists containing over 50 names and associated

25 │ addresses, dates of birth, telephone numbers and social security numbers, for the purpose

26 │ of obtaining and using unauthorized credit cards and counterfeit driver's licenses in some

27 │ or all of those names.

28 │

INDICTMENT/NNABUE AND ONWUHARA - 3

1     3.     On or about a date unknown, but not later than on or about December 12,

2  2002, defendants ABEL NGOZICHUKWU NNABUE and TOBECHI ENYINNAYA

3  ONWUHARA obtained unauthorized credit cards in names other than their own true

4  names.

5     4.     On or about a date unknown, but not later than on or about December 12,

6  2002, defendants ABEL NGOZICHUKWU NNABUE and TOBECHI ENYINNAYA

7  ONWUHARA obtained counterfeit driver's licenses and other identification documents

8  in names other than their own true names. The names on the counterfeit driver's licenses

9  matched the names on some of the credit cards described above.

10     5.     On or about December 12, 2002, defendants ABEL NGOZICHUKWU

11  NNABUE and TOBECHI ENYINNAYA ONWUHARA drove to a branch of the

12  Washington Mutual Bank in Lynnwood, Washington, for the purpose of obtaining,

13  without authorization, a cash advance using two of the credit cards described above.

14     6.     On or about December 12, 2002, defendant TOBECHI ENYINNAYA

15  ONWUHARA presented two of the unauthorized credit cards and a counterfeit driver's

16  license as identification to employees of the aforementioned Bank, and requested a cash

17  advance using the credit cards. Defendant ABEL NGOZICHUKWU NNABUE remained

18  outside of the Bank to serve as the getaway driver.

19     7.     On or about December 12, 2002, after Bank employees refused to provide

20  the cash advance described above, defendants ABEL NGOZICHUKWU NNABUE and

21  TOBECHI ENYINNAYA ONWUHARA fled the Bank in the car driven by defendant

22  ABEL NGOZICHUKWU NNABUE, with law enforcement officers in pursuit, and

23  thereafter attempted to elude law enforcement officers.

24     All in violation of Title 18, United States Code, Section 371.

25

**COUNT THREE**

26  (Attempted Use of Unauthorized Credit Card Access Device)

27     On or about December 12, 2002, at Lynnwood, within the Western District of

28  Washington, defendants ABEL NGOZICHUKWU NNABUE and TOBECHI

INDICTMENT/NNABUE AND ONWUHARA - 4

1 ENYINNAYA ONWUHARA knowingly, and with the intent to defraud, attempted to

2 use, and aided and abetted the attempted use of, an unauthorized access device, to wit, a

3 Discover credit card in the name of Robert Palmer, in and affecting interstate commerce,

4 and by such conduct attempted to obtain money, goods, and services, in an amount

5 exceeding $1000 within a one year period.

6 All in violation of Title 18, United States Code, Sections 1029(a)(2) and (b)(1) and

7 Section 2.

8

## COUNT FOUR
9 (Possession With Intent To Use Unlawfully Five Or More Identification Documents)

10 On or about December 12, 2002, at Lynnwood, within the Western District of

11 Washington, defendant TOBECHI ENYINNAYA ONWUHARA did knowingly possess,

12 in and affecting interstate commerce, with intent to use unlawfully, five or more

13 identification documents (other than those issued lawfully for the use of defendant

14 TOBECHI ENYINNAYA ONWUHARA) and false identification documents, that is,

15 counterfeit Texas driver's licenses in the names of Robert Charles Palmer, James Alex

16 Weaver, Roger Rickey Reynolds, and Thomas Michael Crowley, an Oklahoma driver's

17 license issued in the name of Xavier Charles Alexander but bearing the photograph of

18 //

19 //

20 //

21 //

22 //

23 //

24 //

25 //

26 //

27 //

28 //

INDICTMENT/NNABUE AND ONWUHARA - 5

UNITED STATES ATTORNEY
601 UNION STREET, SUITE 5100
SEATTLE, WASHINGTON 98101-3903
(206) 553-7970

1  defendant TOBECHI ENYINNAYA ONWUHARA, and a social security card and

2  certificate of birth in the name of Xavier Charles Alexander.

3      All in violation of Title 18, United States Code, Section 1028(a)(3).

4                              A TRUE BILL:

5                              DATED: 09 Jan 2003

6

7                              FOREPERSON

8

9

10  JOHN McKAY
    United States Attorney

11

12

13  SUSAN M. HARRISON
    Assistant United States Attorney

14

15

16  LAWRENCE LINCOLN
    Assistant United States Attorney

17

18

19

20

21

22

23

24

25

26

27

28

INDICTMENT/NNABUE AND ONWUHARA - 6

1

CR 03 00011  #00000027

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

              Plaintiff,

      v.

TOBECHI ENYINNAYA ONWUHARA,

              Defendant.

)
)
)
)
)
)
)
)
)
)

NO. CR03-011C

SUPERSEDING INFORMATION

THE UNITED STATES ATTORNEY CHARGES THAT:

**COUNT ONE**
(Illegal Transactions and Attempted Transactions
With Credit Card Access Devices)

     Beginning in or about December 2001, and continuing until in or about December 2002, within the Western District of Washington and elsewhere, defendant TOBECHI ENYINNAYA ONWUHARA, knowingly and with intent to defraud, effected transactions and attempted to effect transactions with one or more access devices, as defined in 18 U.S.C. § 1029(e)(l), which access devices had been issued to other persons, that is, credit cards and credit card numbers issued in the names of Robert Charles Palmer, James Alex Weaver, David Smith, Paul Brophy, Riyad Hossainy, John D. Smith, and Keith G. Olson, for the purpose of receiving payments and other things of value during that one-year time period in an amount totaling approximately Eighty Six

CERTIFIED TRUE COPY
ATTEST: BRUCE RIFKIN
Clerk, U.S. District Court
Western District of Washington
By _____
                    Deputy Clerk

INFORMATION/ONWUHARA - 1

UNITED STATES ATTORNEY
601 UNION STREET, SUITE 5100
SEATTLE, WASHINGTON 98101-3903
(206) 553-7970

1  Thousand, Four Hundred Forty Seven Dollars and Twenty One Cents ($86,447.21), said

2  transactions and attempted transactions affecting interstate commerce.

3      All in violation of 18 U.S.C. § 1029(a)(5) and § 1029(b)(1).

4

5      DATED this _24_ day of _February_, 2003.

6

7                                   _____
                                        JOHN McKAY
8                                   for  United States Attorney

9

10                                  _____
                                        SUSAN M. HARRISON
                                        Assistant United States Attorney
11

12                                  _____
                                        LAWRENCE LINCOLN
13                                      Assistant United States Attorney

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

INFORMATION/ONWUHARA - 2

# UNITED STATES DISTRICT COURT

## Western District of Washington

UNITED STATES OF AMERICA

V

TOBECHI ENYINNAYA ONWUHARA

**JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)

Case Number· CR03-0011C

Michael C Nance
Defendant's Attorney

THE DEFENDANT:

XX  pleaded guilty to Count One of the Superseding Information

___  pleaded nolo contendere to count(s) _____
which was accepted by the court

___  was found guilty on count(s) _____
after a plea of not guilty

FILED ___  ___
LODGED ___  RECEIVED
**MAY 23 2003**
AT SEATTLE
CLERK U S DISTRICT COURT
BY WESTERN DISTRICT OF WASHINGTON
DEPUTY

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U S C § 1029(a)(5) and (b)(1) | Illegal Transactions and Attempted Transactions With Credit Card Access Devices | 12/12/02 | 1 |

The defendant is sentenced as provided in pages 2 through __6__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

___ The defendant has been found not guilty on count(s) _____

___ Count(s) _____ (is)(are) dismissed on the motion of the United States

**IT IS FURTHER ORDERED** that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid

Defendant's Soc Sec No · 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

Defendant's Date of Birth: 07/24/79

Defendant's USM No.. 32651-086

Defendant's Residence Address
FDC SeaTac

LAWRENCE R. LINCOLN
Assistant United States Attorney

May 23, 2003
Date of Imposition of Sentence

Signature of Judicial Officer

THE HONORABLE JOHN C COUGHENOUR
Chief United States District Judge
Name & Title of Judicial Officer **MAY 2 3 2003**

Date

CR 03 00011 #00000041

CERTIFIED TRUE COPY
ATTEST: BRUCE RIFKIN
Clerk, U.S. District Court
Western District of Washington
By _____

AO 245B (Rev 8/96) Sheet Case 5:03-cr-00011-USA-document 41   Filed 05/23/2003   Page 2 of 6

Defendant: TOBECHI ENYINNAYA ONWUHARA
Case Number: CR03-0011C

Judgment--Page  2  of  6

# IMPRISONMENT

The Defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of ___twelve months and 1 day___

X   The court makes the following recommendations to the Bureau of Prisons.
*That defendant be placed in a facility in Texas.*

___  The defendant is remanded to the custody of the United States Marshal

___  The defendant shall surrender to the United States Marshal for this district

___ at ___ a m/p m on _____
___ as notified by the United States Marshal

___  The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons

___ before 2 p m  on _____.
___ as notified by the United States Marshal
___ as notified by the Probation or Pretrial Services Office

# RETURN

I have executed this judgment as follows:

_____

_____

Defendant delivered on _____ to _____ at _____, with a certified

copy of this judgment.

_____
United States Marshal

By. _____
Deputy U.S. Marshal

AO 245B (Rev 8/96) Sheet 3 - Supervised Release (USADC 05-99)   Document 41   Filed 05/23/2003   Page 3 of 6

Defendant: TOBECHI ENYINNAYA ONWUHARA
Case Number: CR03-0011C

Judgment--Page _3_ of _6_

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of _____
_____ *Three  (3)  years* _____
_____

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime

The defendant shall not illegally possess a controlled substance

### *For offenses committed on or after September 13, 1994:*

\_\_\_\_   The defendant shall refrain from any unlawful use of a controlled substance  The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer

XX   The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check if applicable )

XX   The defendant shall not possess a firearm as defined in 18 U S C  § 921  (Check if applicable.)

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below)  The defendant shall also comply with the additional conditions on the attached page (if indicated below)

## SEE ATTACHED ADDITIONAL CONDITIONS OF SUPERVISION

# STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons,
6) the defendant shall notify the probation officer 10 days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to any controlled substance, except as prescribed by a physician,
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered,
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer,
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer,
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court,
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (Rev. 8/96) Sheet Case 2:03 Reverse Of Supervised Document 41   Filed 05/23/2003   Page 4 of 6

Defendant: TOBECHI ENYINNAYA ONWUHARA

Case Number. CR03-0011C

Judgment--Page _4_ of _6_

# ADDITIONAL CONDITIONS OF SUPERVISION

1   The defendant shall be prohibited from possessing a firearm or destructive device as defined in 18 U.S.C. § 921

2.   The defendant shall submit to mandatory drug testing pursuant to 18 U.S.C § 3563(a)(5) and18 U.S.C. § 3583(d).      YES ___ NO _X_

3.   The defendant shall submit to a search of his person, residence, office, property, storage unit or vehicle conducted in a reasonable manner and at a reasonable time by a U.S Probation Officer.

4   Restitution in the amount of $58,531.15 is due immediately. Any unpaid amount is to be deducted from defendant's inmate recovery payment program while incarcerated. The remaining balance is to be paid during the period of supervision in monthly installments as directed by defendant's U.S. Probation Officer   Interest on restitution shall be waived

5.   The defendant shall provide his U.S. Probation Officer with access to any requested financial information, including authorization to conduct credit checks and obtain copies of defendant's Federal Income Tax Returns.

6.   The defendant shall be prohibited from incurring new credit charges or opening additional lines of credit without approval of defendant's U.S Probation Officer.

7   The defendant shall not obtain or possess any driver's license, social security number, birth certificate, passport, or any other form of identification without the prior written approval of defendant's Probation Officer; further, the defendant shall not use, for any purpose or in any manner, any name other than defendant's true legal name

8.   The defendant shall cooperate with and furnish financial information and statements to the Internal Revenue Service to determine all taxes due and owing, including interest and penalties, and shall file any past tax returns in a timely manner. The defendant shall pay in full any outstanding tax liability once assessed, including interest and penalties, or enter into an installment payment plan with Collection Division of the Internal Revenue Service

LRL
MCN

AO 245B (Rev 8/96) Sheet 5, Part A - Criminal Monetary Penalties (USAO 06/99)

Defendant: TOBECHI ENYINNAYA ONWUHARA

Judgment--Page 5 of 6

Case Number. CR03-0011C

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B

| | Assessment | Fine | Restitution |
|---|---|---|---|
| **TOTALS:** | $100 00 | Waived | $58,531 15 |

**XX** If applicable, restitution amount ordered pursuant to plea agreement    $ 58,531 15

# FINE

**XX** **The Court finds that the defendant is financially unable and is unlikely to become able to pay a fine and, accordingly, the imposition of a fine is waived.**

The above fine includes costs of incarceration and/or supervision in the amount of $ _____

# RESTITUTION

___ The determination of restitution is deferred until _____ An Amended Judgment in a Criminal Case will be entered after such determination

XX The defendant shall make restitution to the following payees in the amounts listed below

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column below

| Name of Payee | *Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
| Discover Financial Services Attn: Restitution Clerk P O Box 3005 New Albany, Ohio 43054 RE: 6011 | $58,531.15 | $58,531.15 | 100% |
| **Totals:** | $ 58,531 15 | $58,531.15 | |

# INTEREST ON FINES AND RESTITUTION

The defendant shall pay interest on any fine or restitution of more than $2,500 00, unless the fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U S C § 3612(f) All of the payment options on Sheet 5, Part B may be subject to penalties for default and delinquency pursuant to 18 U S C § 3612(g)

xx The court has determined that the defendant does not have the ability to pay interest on any fine and/or restitution, and it is ordered that

     xx The interest requirement is waived

     ___ The interest requirement is modified as follows

*Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996

Case 4:06-cr-00153-MHS-DDB   Document 1   Filed 06/09/06   Page 23 of 24
Case 2:03-cr-00011-JCC   Document 41   Filed 05/23/2003   Page 6 of 6
AO 245B (Rev 8/96) Sheet 5, Part B - Criminal Monetary Penalties (USAO 06/99)

Defendant. TOBECHI ENYINNAYA ONWUHARA
Case Number: CR03-0011C

Judgment--Page _6_ of _6_

# SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) assessment, (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

Payment of the total fine and other criminal monetary penalties shall be due as follows:

A __XX__    in full immediately; or

B ___ $ _____ immediately, balance due (in accordance with C, D, or E), or

C ___ not later than _____; or

D ___ in installments to commence ___ day(s) after the date of this judgment.  In the event the entire amount of criminal monetary penalties imposed is not paid prior to the commencement of supervision, the U S. probation officer shall pursue collection of the amount due, and shall request the court to establish a payment schedule if appropriate; or

E ___ in _____ (e g , equal, weekly, monthly, quarterly) installments of $ ____ over a period of ___ year(s) to commence ____ day(s) after the date of this judgment

The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed

Special instructions regarding the payment of criminal monetary penalties

__XX__    MAKE CHECK(S) FOR ALL CRIMINAL MONETARY PENALTIES, INCLUDING SPECIAL ASSESSMENTS, FINES, AND RESTITUTION, PAYABLE TO

United States District Court Clerk, Western District of Washington  For restitution payments, the Court is to forward money received to Discover Financial Services, Inc   See address on page 5 of this judgment

___    The defendant shall pay the cost of prosecution

___    The defendant shall forfeit the defendant's interest in the following property to the United States

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment payment of criminal monetary penalties shall be due during the period of imprisonment  All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program, are to be made as directed by the court, the probation officer, or the United States Attorney



**UNITED STATES DISTRICT COURT**
WESTERN DISTRICT OF WASHINGTON
OFFICE OF THE CLERK
700 STEWART ST., LOBBY LEVEL
SEATTLE, WASHINGTON 98101

**BRUCE RIFKIN**
District Court Executive
Seattle, Washington

May 26, 2006

Clerk's Office
U.S. District Court
Eastern District of Texas
300 Willow Street
Beaumont, TX 77701

RE:   **USA v. Tobechi Enyinnaya Onwuhara**
      **YOUR CASE NUMBER:**
      **OUR CASE NUMBER:**     CR03-0011C

Dear Clerk:

Pursuant to the Order Transferring Probation Jurisdiction in the above-captioned case, enclosed are certified copies of:

| | |
|---|---|
| ✓ | Docket sheet |
| ✓ | Indictment or Information |
| ✓ | Judgment & Commitment |
| ✓ | Plea Agreement FILED UNDER SEAL |
| ✓ | Financial Case Record (from Financial Dept.) |
| ✓ | Other: Certified copy of Order Transferring Jurisdiction |

Please acknowledge receipt of the above documents by returning the enclosed copy of this letter.

Sincerely,

BRUCE RIFKIN, DISTRICT COURT EXECUTIVE

By: _____
        Lisa Tardiff, Deputy Clerk

Enclosures
cc: AUSA, USPO
        FLU Unit - U.S. Atty's Office